No. 515

## MOSS v. LEBOWITZ

Ohio Appeals, 7th Dist., Mahoning County
April 9, 1924

755. **MECHANIC'S LIENS — Owner of premises cannot waive statutory requirements to affect rights of other lien claimants.**

FARR, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas for preclosure on mechanics' lien. One of the defendants and cross-petitioners was Felix Pesa. Lebowitz, who was the owner of the premises in question, angaged Pesa to perform labor and furnish materials in the construction of a building on the premises. Pesa's work was completed on April 7, and on April 20th he filed with the Recorder an affidavit for a mechanic's lien.

In attempting to perfect the lien Pesa failed to include in the certificate the names of two companies from which he had purchased materials amounting to about $1,000. Pesa contended that the owner had waived the provisions of 8312 GC. as to these two companies, saying that no certificates by them need be filed. There were other lienors and a gagee in this case whose claims amounted to about $30,000. Pesa's lien was held invalid by Common Pleas, from which ruling he perfected an appeal. Held.

While the owner may perhaps, so far as he is personally concerned, waive compliance with statutory provisions for his protection, he cannot waive compliance with the substantial requirements of the ttatute so as to effect, limit or cut off the rights of third persons, or so as to give to lien claimants a preference as against third persons, which they have not acquired by preference of liens in the prescribed manner. The lien of Pesa is invalid.

Attorneys—W. R. Stewart, for Pesa; Moore, Barnum & Hammond, for other parties; all of Youngstown.

---

No. 516

## KENTON v. H. A. STAHL CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4991. Decided May 2, 1924

1245. **VERDICT—Verdict held not manifestly against weight of evidence under facts in instant case.**

SULLIVAN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by the Stahl Company to recover a real estate commission amounting to $3,202.23. The evidence disclosed that the Stahl Company was given the exclusive agency to sell a certain piece of property belonging to the defendant up until September 1st, 1919, During this time that the property was sold to Congalton, it was disclosed to the defendant and was also disclosed to him subsequent thereto. On the expiration of the sole agency the evidence was in conflict as to whether the agency was extended or not. During the existence of this sole agency the same authority was given to other brokers and agents by defendant to deal with the property. At the time that Kenton sold the property he procured from the purchaser a covenant of indemnity protecting him against payments of commissions to plaintiff. The jury returned a verdict in favor of the plaintiff, whereupon defendant prosecuted error, claiming that the verdict was manifestly against the weight of the evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence.

Attorneys—R. L. Deibel, for Kenton; Krueger & Pelton, for Stahl Company; all of Cleveland.